# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN KATHLEEN DOYLE,<br><br>   Plaintiff,<br><br>v.<br><br>OPTUM SERVICES, INC., et al.,<br><br>   Defendants. | Case No. 25-cv-0575-MMA-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 6] |

On April 10, 2025, Plaintiff Erin Kathleen Doyle ("Plaintiff") filed a motion to remand this action to the Superior Court of the State of California, County of San Diego. Doc. No. 6. Defendants Optum Services, Inc. and UnitedHealth Group, Inc. (collectively, "Defendants") filed a response in opposition. Doc. No. 9. On May 14, 2025, the Court found this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1, and took it under submission. Doc. No. 10. For the following reasons, the Court **DENIES** Plaintiff's motion to remand.

## I. Background[1]

Plaintiff, formerly employed by Defendants between around December 10, 2018, and January 5, 2023, brings this action alleging that Defendants discriminated against her based on her disability and request for disability-based accommodations. Doc. No. 1-2 ("Compl.") ¶¶ 1, 16, 21, 26. Specifically, Plaintiff alleges that on or around October 31, 2021, she sustained a neck and spine injury for which she requested "ergonomic equipment" from Defendants. Compl. ¶¶ 18, 20. Knowing of her injury and request, Defendants instead—in Plaintiff's telling—"singled her out by subjecting her to heightened scrutiny and increasingly hostile adverse treatment by . . . accusing her of performance issues." *Id.* ¶¶ 20–21.

Plaintiff further alleges that on or about August 22, 2022, she suffered a leg injury resulting in hospitalization and surgery, and for which she took a leave of absence from her position with Defendants. *Id.* ¶¶ 22–23. In or around December 2022, however, Plaintiff claims that she "informed an Optum therapy technician supervisor. . . that she was ready to resume her regular duties." *Id.* ¶¶ 24. Instead, on or around January 5, 2023, she was terminated from her position. *Id.* ¶¶ 26–27. Plaintiff believes her termination was "due to her perceived or actual disabilities and need or request for accommodation." *Id.* ¶ 27.

Plaintiff filed her initial complaint in the Superior Court of the State of California, County of San Diego on January 3, 2025, alleging: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) failure to engage in the interactive process in violation of FEHA; (3) failure to provide reasonable accommodation in violation of FEHA; (4) retaliation for seeking accommodation in violation of FEHA; and (5) wrongful termination in violation of public policy. Compl. ¶¶ 29–91. Defendants removed the action to this Court on March 11, 2025. Doc. No. 1.

---

[1] These facts are drawn from Plaintiff's complaint.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id*. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden of establishing jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)).

Title 28 of the United States Code, Section 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. Discussion

Defendants assert that the Court has jurisdiction over this case under 28 U.S.C. §1332—diversity jurisdiction. Doc. No. 1 at 3.[2] Relevant here, Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states. . ." or between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2). The parties here do not appear to dispute that they are "citizens of different states" for purposes of diversity jurisdiction. *See generally* Doc. Nos. 6-1, 9. Having reviewed the pleadings and briefing, the Court sees no reason to find otherwise. Instead, Plaintiff

---

[2] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

seeks to remand this case to state court on the grounds that that the amount in controversy does not exceed $75,000. *See generally* Doc. No. 6-1.

Under Section 1332(a), an amount greater than $75,000 must be in dispute for the Court to exercise jurisdiction over an action. 28 U.S.C. § 1332(a). "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs'" and therefore "includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" a removing party must establish by a preponderance of the evidence—that it is more likely than not—that the amount in controversy exceeds $75,000. *Id.* at 699 (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 989, 404 (9th Cir. 1996)). When evaluating whether the removing party has met that burden, the Court "consider[s] facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) (internal citations and quotation marks omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Id.*

The parties agree that the complaint is ambiguous as to the amount in controversy. *See* Doc. No. 6-1 at 5; Doc. No. 9 at 3–4. Defendants must therefore prove that, by a preponderance of the evidence, the amount in controversy is greater than $75,000. *Guglielmino*, 506 F.3d at 699. Defendant identifies: (1) Plaintiff's potential economic damages: (2) noneconomic damages; and (3) attorney's fees, as damages totaling more than $75,000. Doc. No. 9. Plaintiff disagrees with this assessment for various reasons. Doc. No. 6-1.

The parties disagree as to the amount of lost wages Plaintiff seeks in this action. Defendants state in their notice of removal and attached declarations that, at the time of her termination "Plaintiff was a full-time employee earing a rate of $20.21 per hour." Doc. No. 1 at 6; Doc No. 1-4 ("Strauss Decl.") ¶ 7. Therefore, Defendants allege that, between her termination and this case's removal, Plaintiff's claim for lost past wages

would be "approximately $84,073.60."[3] Doc. No. 1 at 6.  Presuming that the case is set for trial one year after removal, they calculate Plaintiff's total lost wages at $122,876.80, including lost future wages.[4] *Id.* at 7.  Plaintiff, however, argues that "after taking a leave of absence following surgery, Defendants terminated her employment when she attempted to return to work.  This means that at the time of her unlawful termination, [Plaintiff] was not employed as a 'full-time employee.'" Doc. No. 6-1 at 6.

Under California law, a backpay award should "give the employee what [they] would have earned with the employer less any net earnings during the time between [their] wrongful discharge and reinstatement." *Davis v. Los Angeles Unified Sch. Dist. Pers. Com.*, 62 Cal. Rptr. 3d 69, 76 (Cal. Ct. App. 2007) (quoting *Lisec v. United Airlines, Inc.* 11 Cal. Rptr. 2d 689, 692 (Cal. Ct. App. 1992) (internal brackets omitted); *see Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1139–40 (N.D. Cal. 2016) (FEHA).  However, "an employer is not liable for backpay during periods that an improperly discharged employee is unavailable for work . . . ." *Davis*, 62 Cal. Rptr. 3d at 77 (quoting *Canova v. NLRB* 708 F.2d 1498, 1505 (9th Cir. 1983)).  Backpay is calculated from the date of termination through the date of removal.  *See Reese v. Daikin Comfort Tech. Distrib., Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024); *cf. Andrade*, 225 F. Supp. 3d at 1140.  "Where a trial date is not yet set . . . a year from the date of removal is a conservative estimate for front pay." *Reese*, 729 F. Supp. 3d at 987 (collecting cases).

As all parties agree for purposes of the motion, Plaintiff's alleged termination occurred when she attempted to return to work after a leave of absence.  Doc. No. 6-1 at 6; Doc. No. 9 at 4.  Indeed, in her complaint, Plaintiff states that "in or around December 2022, Plaintiff informed an Optum therapy technician supervisor . . . that she

---

[3] (($20.21/hour x 40 hours x 4 weeks = $3,233.60/month) x 26 months between termination and removal).  Doc. No. 1 at 6.
[4] "($3,233.60/month x 12 months ([future wages for] March 12, 2025[,] to March 12, 2026)[)]) + $84,073.60." *Id.* at 7.

was ready to resume her regular duties." Compl. ¶ 24. Thus, Plaintiff cannot not allege that wages in controversy should decrease because she intended to continue her leave—she alleges her leave was already over. Additionally, at no point does Plaintiff claim that during her leave, or prior, she was reassigned or reclassified as a part-time employee, nor does she contradict the "full-time" hours (40 per week) that Defendants assert with any other figure or schedule. *See generally id.*; *see* Doc. No. 6-1 at 6. Instead, the record reflects merely that Plaintiff intended to return to her position as she held it before—to return to her "regular duties." Compl. ¶ 24. Defendants' evidence and Plaintiff's pleadings therefore rebut her argument that she was not a full-time employee.

Plaintiff makes no other argument to rebut Defendants' assertions and declarations on this point and filed no reply to Defendants' response in opposition. *See* Doc. Nos. 6-1–6-3. The Court therefore finds that Defendants prove it is more likely than not that the amount in controversy is at least the $84,073.60 figure for lost past wages, based on the calculations Defendants set forward.[5] This exceeds the $75,000 amount in controversy requirement, and thus jurisdiction is proper.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED**.

Dated: May 27, 2025

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Because backpay alone exceeds $75,000, the Court will not address other damages.